HIRSCH SILVERMAN, PROSECUTOR, v. THE BOARD OF HEALTH OF THE CITY OF BRIDGETON.

Submitted July 3, 1913—Decided October 2, 1913.

A statute empowering local boards of health to pass ordinances "to prevent the sale or exposure for sale" of meat unfit for food does not authorize an ordinance prohibiting the bringing of such meat into a city, and a conviction of violating such an ordinance will be set aside.

On *certiorari.*

Before Justices GARRISON, TRENCHARD and MINTURN.

For the prosecutor, *Rex A. Donnelly* and *William J. Kraft.*

For the defendant, *Hampton & Fithian.*

The opinion of the court was delivered by

GARRISON, J. The prosecutor was convicted of bringing into the city of Bridgeton meat that was not wholesome or safe for human food. The city ordinance under which this

conviction was had provides that no unwholesome meat "shall be brought into this city or offered for sale." The statute under which this ordinance was passed (*Board of Health; Comp. Stat., p.* 2663) gives to local boards of health power to pass ordinances "to prevent the sale or exposure for sale" of meat unfit for food. The ordinance was, therefore, not within the power conferred upon local boards of health, excepting in so far as it prohibited the "offering for sale" of unsound food. The prosecutor was not charged or convicted of offering the meat for sale, but only for bringing it into the city, a prohibition that was beyond the power conferred by the legislature.

Whether an ordinance would be valid that prohibited the bringing into the city of unsound meat for the purpose of offering it for sale for human food need not now be considered, as neither the ordinance nor the complaint under which the prosecutor was convicted make any such qualification. As it stands, the ordinance prohibits the bringing of such meat into the city for any purpose, even for the purpose of having its condition examined into.

The conviction is set aside, with costs.